UNITED STATES DISTRICT COURT　　　　　　　NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
　　　　　　　　　　　　　　　　　　　　　　　　:
MARIE L. BANKS, a/k/a GERVAIS,　　　　　　　　:
　　　　　　　　　　　　　　　*Plaintiff*,　　　:　　　ORDER
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　- against -　　　　　　　　　　　　:　　　11-CV-3760 (JG) (ALC)
　　　　　　　　　　　　　　　　　　　　　　　　:
GLADYS BEAUVOIR, THE HAITIAN　　　　　　　　　:
COMMUNITY COALISION, DEC. 12　　　　　　　　　:
MOVEMENT BOYCOTT SPECIALIST, U.S.　　　　　　:
NEW YORK STATE NURSES ASSOCIATION　　　　　　:
INTERNATIONAL, U.S. THE MEDICAL　　　　　　　 :
SOCIETY INTERNATIONAL,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　*Defendants*.　　:
-------------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

　　　　　　Plaintiff Marie L. Banks filed this *pro se* action, her sixth in the last two months, on August 1, 2011. She seeks damages and for the defendants to "refrain . . . from murdering my family here and in Haiti." Compl. ¶ IV. I grant Banks's request to proceed *in forma pauperis* and dismiss the action for the reasons set forth below.[1]

## BACKGROUND

　　　　　　Banks utilized the sample form provided by this Court's *pro se* office to file her complaint. In the "statement of claim" section, in which a litigant is to "give a clear and concise statement of facts," the following is the entirety of what Banks wrote:

---

[1] As I have noted in some of Banks's other actions, *e.g.*, *Banks v. Turbo Tax Intuit*, No. 11-CV-2704 (JG); *Banks v. HRA et al.*, No. 11-CV-2380 (JG), I was informed in July, via a telephone conversation between my law clerk and a social worker for Banks, that Banks would be traveling to Haiti for a period of several weeks following the recent death of her mother. In a letter dated July 20, 2011, Banks informed me that although she has since returned to the United States, she was planning to travel to Haiti again "shortly to take care of some properties." Letter from Marie L. Banks dated July 20, 2011, *Banks v. Turbo Tax Intuit*, No. 11-CV-2704 (JG), ECF No. 4, at 4. At Banks's request, to the extent any court appearances or filings become necessary in this or any other matter while Banks is in Haiti, the Court will endeavor to see that they are scheduled for a time after she has returned to the United States. Banks's being out of the country, however, does not alter my legal conclusion that the complaint in this action should be dismissed.

> Since 1989 defendant send delegate to knock on my door- Brainwashed-criminalized- executed several of my family last night I heard from Colonel Henry Germain of Haiti that I had to be boycott. I have an accident law suit case.

Compl. ¶ 3. Banks also attached two handwritten pages to her complaint but I cannot comprehend from them what, if any, claims she may be seeking to raise against the defendants she has named.

## DISCUSSION

A. *Standard of Review*

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (quotation marks omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

B. *Analysis*

An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court noted that:

> the *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Denton*, 504 U.S. at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Banks's allegations as set forth above rise to the level of the irrational. Accordingly, I dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The instant *pro se* complaint is dismissed as frivolous. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk is directed to enter judgment accordingly.

So Ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
September 4, 2011